Claude E. SPRIGGS, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 17104.

United States Court of Appeals
Ninth Circuit.

April 21, 1961.

Claude E. Spriggs, in pro. per.

Abbott M. Sellers, Acting Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz and Louise Foster, and Caroline R. Just, Attorneys for Dept. of Justice, Washington, D. C., for respondent.

Before POPE, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM.

Petitioner, as taxpayer, seeks review of the decision of the tax court establishing deficiencies and additions to taxes upon his income for the years 1942 to and including 1947. He asserts error in seven respects:

(1) The tax court denied his motion made at the outset of these proceedings for a further and better statement of deficiencies. During the course of proceedings, taxpayer had every opportunity to oppose the specific contentions and computations of the commissioner. Objections were made by him, were considered by the tax court and in many instances were allowed. We find no prejudice by virtue of the denial of this early motion.

(2) The court found fraudulent the returns for all years in question. Taxpayer contends there is nothing from which fraud can be found save for the year 1947. We disagree. The court disbelieved and found incredible taxpayer's explanation of the reason for his failure to return conceded items of income. The record otherwise provides support for the court's finding that this failure was with intent to evade tax liability. The consistent understatement during the six year period is itself strong evidence of such intent. Baumgardner v. Commissioner of Internal Revenue, 9 Cir., 1957, 251 F.2d 311.

(3) The court rejected taxpayer's plea of the Statute of Limitations. The tax court having found that the returns for the years in question were fraudulently filed, the statute does not apply. 1939 Code, § 276(a), 26 U.S.C.A. § 276(a).

(4) The court assessed taxes upon capital gains realized from the sale of property which taxpayer contends was the separate property of his wife as a gift from her father. It is apparent from the findings and opinion of the tax court that it did not regard this property as the separate property of the wife. The court found that while her father had contributed a portion of the purchase price, community funds of the taxpayer and his wife also were utilized in the purchase of the property and in subsequent improvements upon it and that taxpayer consistently had referred to it as belonging to himself and his wife. Further, the court found that while the returns in question had been filed and signed by the taxpayer alone, his wife did not file any return for any of the years in question. The court stated:

"Petitioner intended his returns to cover the community income of himself and of his wife and in each return he recorded the full amount of the personal exemption for himself and wife and also appropriate credits or exemptions for their two children."

In the light of these findings, we find no error in the assessment in this respect.

(5) The court disallowed deductions for upkeep and maintenance of rental property. No sufficient specification in this respect is made and we are unable to deal with the general contention asserted.

(6) The court denied taxpayer the right to the tardy filing of a brief. We find no prejudice in this which could not have been met upon this review.

(7) The court failed to allow taxpayer credit for a capital loss in the sale of his home although the stipulation

of facts shows a cost basis of $7,675.89 and sale price of $4,452.53. The property had been converted to income property prior to sale. The tax court found that there was no evidence that the sale price was less than the market value of the property at the time of such conversion. Regulations 111 and 118, § 39.23(e)–1. See Merten, Law of Federal Income Taxation, §§ 28.78 (Vol. 5, page 272) and 22.18 (Vol. 3B, page 98). We find no error here.

Affirmed.